Edward Pellegrini, D.P.M. President, Colorado Podiatry Board 1525 Sherman Street Denver, CO 80203
Dear Dr. Pellegrini:
This opinion letter is in response to your February 19, 1980 letter in which you inquired about practical and professional nurses executing orders of podiatrists to administer medications and treatment plans to patients under the podiatrist's care.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents two questions:
1. Does the term "physician" as used in the definition of the practice of practical nursing, which is set forth in C.R.S. 1973,12-38-103(5), include podiatric physicians?
My conclusion is "no."
2. Does the term "physician" as used in the definition of the practice of professional nursing, which is set forth in C.R.S. 1973, 12-38-202(9), include podiatric physicians?
 My conclusion is "no." The term "physician" as used in the above-cited sections of the Practical Nurse Practice Act of 1967 and the Nurse Practice Act does not include podiatrists.
ANALYSIS
This same question was raised and considered in an attorney general's opinion issued on October 20, 1976, a copy of which is attached hereto and incorporated herein by reference. That opinion stated that neither a professional nurse nor a practical nurse could lawfully administer medications or treatments prescribed by a licensed podiatrist.
However, because the statute regarding the practice of podiatry was amended in the 1979 legislative session, further clarification is necessary.
The relevant amendments include the following two definitional sections which were added to C.R.S. 1973, 12-32-101:
 (8.5) "Podiatric medicine" means the practice of podiatry.
 (8.7) "Podiatric physician" or "podiatrist" means any person who practices podiatry.
It is clear from the qualification of the terms "medicine" and "physician" by the descriptive term "podiatric" that the legislature does not consider the terms "medicine" and "podiatric medicine" interchangeable; nor does it consider the terms "physician" and "podiatric physician" interchangeable.
This legislative intent is further evidenced by 1979 amendments to C.R.S. 1973, 12-32-109, which provide, in part, as follows:
 (3) No podiatrist shall willfully cause the public to believe that he has qualifications extending beyond the limits of this article, and no podiatrist shall willfully sign his name using the prefix "doctor" or "Dr." without following his name with "podiatrist," "doctor of podiatric medicine," or "D.P.M." No podiatrist shall use the title "podiatric physician" unless such title is followed by the words "practice limited to treatment of the foot."
Additionally, in a 1977 amendment to C.R.S. 1973, 12-32-109, the legislature provided further evidence of its intent to distinguish between podiatrists and physicians. That amendment provides, in part, that "The provisions of this article shall not apply to any physician licensed to practice medicine or surgery. . . ." C.R.S. 1973, 12-32-109(5).
In view of the fact that these amendments reflect qualifications of the use of the term "physician" as well as "podiatric physician" and the fact that neither of the relevant statutory definitions of practical and professional nursing have been amended, this opinion affirms the analysis and conclusion contained in the October 20, 1976 attorney general's opinion on this same subject.
SUMMARY
To briefly summarize my opinion, neither a professional nurse nor a practical nurse may lawfully administer medications or treatments prescribed by a licensed podiatrist.
Very truly yours,
 J.D. MacFARLANE Attorney General
MEDICAL PRACTITIONERS, LIMITED
NURSES, PRACTICAL
NURSES, REGISTERED
C.R.S. 1973, 12-38-103(5)
C.R.S. 1973, 12-28-202(9)
REGULATORY AGENCIES, DEPT.
Medical Examiners, Bd. of
A nurse can administer medications or treatments only as prescribed by a licensed physician. a podiatrist is not a physician for this purpose.